Gregory K. Nelson (SBN 203029)
*nelson@weeksnelson.com*
Gregory N. Suhr (SBN 328967)
*Gsuhr@weeksnelson.com*
Ariel N. Redfern, CSB No. 341314
*ariel@weeksnelson.com*
WEEKS NELSON
16236 San Dieguito Rd, Suite 5-23
P.O. Box 675963
Rancho Santa Fe, CA 92067
Telephone: (858) 794-2140

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CRBN PICKLEBALL, LLC,** a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>**VATIC PRO LLC**, a California limited liability company,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

1
COMPLAINT

Plaintiff CRBN PICKLEBALL, LLC (hereinafter referred to as "CRBN" or "Plaintiff") hereby complains of VATIC PRO LLC (hereinafter "Vatic" or "Defendant") and alleges as follows:

## **INTRODUCTION**

1. Vatic is a direct competitor of CRBN and appears, at least to date, to be either uninformed or unduly dismissive of the obligation to respect third-party intellectual property rights. That posture is reflected in statements by Vatic's founder, Daryl Wang, who remarked in a YouTube interview: *"So, the cease and desists are kind of normal these days. . . . Once you like kind of work in the industry you realize that most of things that other companies send you are kind of empty threats and more like political games rather than actual cease and desist letters that are like they are going to send their lawyers at you and go to court."* Consistent with that publicly expressed view, and notwithstanding multiple good-faith efforts by CRBN to resolve this matter without litigation, Vatic's counsel has repeatedly minimized CRBN's infringement claims and treated them with notable indifference. Unfortunately, that approach leaves little room for productive resolution and suggests that a more formal—and instructive—forum may be required to convey the seriousness of CRBN's intellectual property rights and Vatic's obligations to respect them.

2. This action, for patent infringement under the laws of the United States of America, 35 U.S.C. § 271, *et seq.*, involves Defendant Vatic's infringement of Plaintiff CRBN's Patent No. 12,465,827 for pickleball paddle technology.

3. Pickleball is a rapidly growing paddle sport played on a court with a perforated plastic ball and solid-faced paddles. The sport is played recreationally and competitively across the United States and internationally, driving substantial demand for specialized pickleball equipment.

4. CRBN specializes in designing and producing high-performance pickleball paddles and related gear for players of all levels. CRBN has invested time

and money to create a unique dual-foam core paddle. To protect its intellectual property, CRBN applied for and received Patent No. 12,465,827.

5. When CRBN discovered that Vatic was infringing on its patented paddle technology it sent several notice letters to Vatic. This reflects Vatic's attitude of patents, shared by its founder: "there most definitely isn't anything within a paddle that you can patent or have something that you own." (*How This 25 Year Old Created The Most Popular Paddle Vatic Pro*, **YouTube**, at 21:06, https://www.youtube.com/watch?v=HVYWAhQO608 (last visited Dec. 15, 2025). Mr. Wang, and Vatic, could not be more uninformed. Unsurprisingly, Vatic's unlawful behavior persists as it continues to willfully infringe on CRBN's patent.

## THE PARTIES

6. Plaintiff CRBN Pickleball, LLC is a California limited liability company with its principal place of business in Costa Mesa, California. CRBN is the owner of the patent asserted herein.

7. Defendant Vatic Pro LLC is a California limited liability company with its principal place of business in Irvine, California.

## JURISDICTION AND VENUE

8. This Court has original and exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because CRBN's claim for patent infringement arises under the laws of the United States, 35 U.S.C. § 271, *et seq*.

9. This Court has personal jurisdiction over Vatic because it resides in this District and has a continuous, systematic and substantial presence in this District, because it regularly conducts business and/or solicits business within this District, because it has committed and continues to commit patent infringement in this District, including without limitation by using infringing products in this District, by purposefully directing activities at residents of this District, and by placing infringing products into the stream of commerce with the knowledge that such infringing

3
COMPLAINT

products would be sold in California and this District, which acts from a substantial part of the events giving rise to CRBN's claims.

10. Venue is proper in this District under 28 U.S.C. § 1400(b) because Vatic has a regular and established place of business in this District and has committed and continues to commit acts of patent infringement in this District.

## FACTUAL BACKGROUND

11. On November 11, 2025, the United States Patent and Trademark Office (PTO) duly and lawfully issued United States Patent No. 12,465,827, entitled "Paddle Technology" to CRBN (the "'827 Patent"). CRBN is the owner of all rights, title, and interest to the '827 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement. A copy of the '827 Patent is attached hereto as **Exhibit 1** and incorporated in this Complaint by reference.

12. Vatic is and has been making, using, selling, offering for sale, importing and/or exporting pickleball paddles that infringe the '827 Patent, including without limitation the V-SOL POWER paddle. Vatic offers its infringing pickleball paddles for sale through multiple commercial channels, including its own website, third-party online marketplaces (i.e. Amazon), and direct-to-consumer sales. Vatic's products are marketed to recreational players, competitive armatures, and professional athletes.

13. Modern pickleball paddles incorporate engineered features intended to improve performance characteristics such as power, control, spin, durability, vibration dampening, and player comfort. These features may include, among other things, specialized paddle face materials, layered or composite core constructions, edge guard designs, surface textures, weight distributions, and manufacturing techniques. Manufacturers in this market invest significant resources in product research and development, material selection, and engineering to differentiate their paddles and gain competitive advantage.

14. Vatic has implemented the same patented paddle technology claimed in the '827 Patent. Vatic now actively promotes the performance benefits of its paddles, like the V-SOL POWER paddle through advertising, product descriptions, technical specifications, endorsements, and marketing materials. Vatic highlights the CRNB-patented proprietary or innovative paddle features as key selling points to consumers.

15. CRBN is informed and believes, and thereupon alleges, that the manufacture, use, and/or sale of the V-SOL POWER paddle has resulted in lost revenue and otherwise deprives CRBN of the right to use and/or license the '827 Patent. CRBN has been damaged in an amount not yet fully determined. As a result of Vatic's actions, CRBN has been damaged in an amount to be determined at trial.

16. Vatic's infringement of the '827 Patent is willful. On June 30, 2025, CRBN notified Vatic of its published patent pending regarding its proprietary foam core technology. Once the patent issued, CRBN advised Vatic again on November 28, 2025, regarding the '827 Patent. Vatic ignored all attempts at resolution. This is not surprising given Vatic's belief that pickleball paddles are wholly non-patentable. However, Vatic's mistaken belief is not the law. Its infringement is willful and deliberate and, therefore, CRBN is entitled to treble damages under 35 U.S.C. § 285.

## FIRST CLAIM FOR RELIEF
## (Direct Infringement – 35 U.S.C. § 271)

17. CRBN repeats, realleges, and incorporates by reference the preceding allegations above as though set forth fully herein.

18. Vatic has infringed the '827 Patent by making, using, selling, offering for sale, importing, and/or exporting the V-SOL POWER paddle, which embody one or more claims set forth in the '827 Patent.

19. Vatic has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, at least claims 1, 4, 8, 9, 10, 11, 12, and 13 of the '827 Patent by making, using, testing, selling, offering for sale and/or importing the V-SOL POWER paddle. A chart identifying specifically where each limitation of

claims 1, 4, 8, 9, 10, 11, 12, and 13 are found in the V-SOL POWER paddle is attached hereto as **Exhibit 2**. This infringement chart is preliminarily based upon CRBN's current understanding of the V-SOL POWER paddle. The chart does not set forth all of CRBN's infringement theories. The V-SOL POWER paddle, and later iterations, also embody other claims set forth in the '827 Patent. CRBN reserves the right to amend or supplement its infringement theories upon more information becoming available through, but not limited to, formal discovery and/or this Court completing its claim construction proceedings.

20. Vatic' acts of infringement were undertaken without permission or license from CRBN.

21. CRBN notified Vatic at least twice that it was infringing upon the '827 Patent. Vatic continued to directly infringe the '827 Patent. Vatic's conduct is willful and deliberate infringement.

22. CRBN is informed and believes and based thereon alleges that Vatic's infringement of the '827 Patent will continue unless enjoined by this Court.

23. CRBN is informed and believes and thereupon alleges that the extensive scope and scale of commercial use and sale of the V-SOL POWER paddle has resulted in lost sales and license fees, reduced the business and profit of CRBN, and greatly injured the general reputation of CRBN, all to CRBN's damage in an amount not yet fully determined. The exact amount of profits realized by Vatic as a result of its infringing activities, are presently unknown to CRBN, as are the exact amount of damages suffered by CRBN as a result of said activities. These profits and damages cannot be accurately ascertained without an accounting.

24. Pursuant to 35 U.S.C. § 284, CRBN is also entitled to an increase of damages up to three times the amount found or assessed due to Vatic's willful and deliberate infringement.

25. In addition, CRBN is entitled to reasonable attorneys' fees incurred in this action under 35 U.S.C. § 285.

26. Because of the aforesaid infringing acts, CRBN has suffered and continues to suffer great and irreparable injury for which there is no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (Indirect Infringement – 35 U.S.C. § 271)

27. CRBN repeats, realleges, and incorporates by reference the preceding allegations above as though set forth fully herein.

28. CRBN is informed and believes, and based thereon, alleges that Vatic actively induces customers to use its V-SOL POWER paddle to its advantage, thus indirectly infringing the '827 Patent.

29. CRBN is informed and believes, and based thereon, alleges that Vatic sells or has sold the V-SOL POWER paddle to its customers, who then use the V-SOL POWER paddle without authorization from CRBN.

30. CRBN knew, or should have known, that these actions would result in its customer's infringement.

31. By reason of the foregoing acts of indirect infringement, CRBN has been damaged, continues to be damaged, and is entitled to no less than a reasonable royalty in accordance with 35 U.S.C. § 284 in an amount to be determined at trial. In addition, CRBN is entitled to reasonable attorneys' fees incurred in this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CRBN PICKLEBALL, LLC, prays for judgment against Defendant VATIC PRO LLC as follows:

(a) An order adjudging Vatic to have directly infringed the '827 Patent under 35 U.S.C. § 271;

(b) That Vatic be required to account to CRBN for any and all profits derived by it associated with its use and/or sale of the V-SOL POWER paddle, and all damages sustained by CRBN by reason of Vatic's patent infringement;

(c) For an assessment and award of patent damages against Vatic in an amount no less than lost profits or a reasonably royalty, pursuant to 5 U.S.C. § 284;

(d) For an increase of damages up to three times the amount found or assessed due to Vatic's willful and deliberate infringement;

(e) That an award of reasonable costs, expenses, and attorneys' fees be awarded against Vatic pursuant to 35 U.S.C. § 285;

(f) An award of pre-judgment and post-judgment interest and costs of this action against Vatic; and

(g) For such other and further relief as the Court deems just and proper.

DATED: December 17, 2025         WEEKS NELSON

                                 */s/ Gregory K. Nelson*
                                 Gregory K. Nelson
                                 Attorney for Plaintiff

## JURY DEMAND

CRBN PICKLEBALL, LLC hereby requests a trial by jury in this matter.

DATED: December 17, 2025         WEEKS NELSON

                                 */s/ Gregory K. Nelson*
                                 Gregory K. Nelson
                                 Attorney for Plaintiff